AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

**FILED**
DEC 1 8 2023
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES OF AMERICA
V.
RAJI DHALIWAL (3)

JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

Case Number:   3:22-CR-01503-TWR

Marc Xavier Carlos
Defendant's Attorney

**USM Number**   06253-506

☐ -

THE DEFENDANT:
☒ pleaded guilty to count(s)   1 of the Indictment

☐ was found guilty on count(s) _____
after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| **Title and Section / Nature of Offense** | **Count** |
|---|---|
| 21:841(a)(1),846; 21:853, 18:924(d), 28:2461(c) - Conspiracy To Distribute Methamphetamine, | 1 |

The defendant is sentenced as provided in pages 2 through __5__ of this judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ is dismissed on the motion of the United States.

☒ Assessment: $100.00 imposed

☐ JVTA Assessment*: $ -

*Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

☒ No fine     ☒ Forfeiture pursuant to order filed   12/14/2023  , included herein.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in the defendant's economic circumstances.

December 14, 2023
Date of Imposition of Sentence

_Todd Robinson_ (signature)
HON. TODD W. ROBINSON
UNITED STATES DISTRICT JUDGE

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | RAJI DHALIWAL (3) | Judgment - Page **2** of **5** |
| CASE NUMBER: | 3:22-CR-01503-TWR | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: 186 months

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).
☒ The court makes the following recommendations to the Bureau of Prisons:
1. Residential Drug Abuse Program (RDAP)
2. Designation to a facility in the western region, Terminal Island if bedspace is available, to participate in RDAP and accommodate family visits.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant must surrender to the United States Marshal for this district:

  ☐ at _____ A.M. on _____

  ☐ as notified by the United States Marshal.

☐ The defendant must surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ on or before

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

  Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

3:22-CR-01503-TWR

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | RAJI DHALIWAL (3) | Judgment - Page **3** of **5** |
| CASE NUMBER: | 3:22-CR-01503-TWR | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant will be on supervised release for a term of:
5 years

## MANDATORY CONDITIONS

1. The defendant must not commit another federal, state or local crime.
2. The defendant must not unlawfully possess a controlled substance.
3. The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (check if applicable)
4. ☐ The defendant must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (check if applicable)
5. ☒ The defendant must cooperate in the collection of DNA as directed by the probation officer. (check if applicable)
6. ☐ The defendant must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where the defendant resides, works, is a student, or was convicted of a qualifying offense. (check if applicable)
7. ☐ The defendant must participate in an approved program for domestic violence. (check if applicable)

The defendant must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

| DEFENDANT: | RAJI DHALIWAL (3) | Judgment - Page 4 of 5 |
|---|---|---|
| CASE NUMBER: | 3:22-CR-01503-TWR | |

# STANDARD CONDITIONS OF SUPERVISION

As part of the defendant's supervised release, the defendant must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for the defendant's behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in the defendant's conduct and condition.

1. The defendant must report to the probation office in the federal judicial district where they are authorized to reside within 72 hours of their release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.

3. The defendant must not knowingly leave the federal judicial district where the defendant is authorized to reside without first getting permission from the court or the probation officer.

4. The defendant must answer truthfully the questions asked by their probation officer.

5. The defendant must live at a place approved by the probation officer. If the defendant plans to change where they live or anything about their living arrangements (such as the people living with the defendant), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. The defendant must allow the probation officer to visit them at any time at their home or elsewhere, and the defendant must permit the probation officer to take any items prohibited by the conditions of their supervision that he or she observes in plain view.

7. The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment the defendant must try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about their work (such as their position or their job responsibilities), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. The defendant must not communicate or interact with someone they know is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, they must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If the defendant is arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within 72 hours.

10. The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. The defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant must comply with that instruction. The probation officer may contact the person and confirm that the defendant notified the person about the risk.

13. The defendant must follow the instructions of the probation officer related to the conditions of supervision.

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | RAJI DHALIWAL (3) | Judgment - Page **5** of **5** |
| CASE NUMBER: | 3:22-CR-01503-TWR | |

## SPECIAL CONDITIONS OF SUPERVISION

1. Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

2. Submit to a search of person, property, house, residence, office, vehicle, papers, cellular phone, computer, or other electronic communication or data storage devices or media effects, conducted by a United States Probation Officer, or any federal, state, or local law enforcement officer, at any time, without or without a warrant, and with or without reasonable suspicion. Failure to submit to such a search may be grounds for revocation; you shall warn any other residents that the premises may be subject to searches pursuant to this condition.

//

FILED

DEC 1 4 2023

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY             DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 22CR1503-TWR |
|---|---|
| Plaintiff, | ORDER OF CRIMINAL FORFEITURE |
| v. | |
| RAJI DHALIWAL (3), | |
| Defendant. | |

WHEREAS, in the Indictment the United States sought forfeiture of all right, title, and interest in all specific properties of Defendant, RAJI DHALIWAL, ("Defendant"), pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c) as firearms and ammunition involved in the violations of Title 18, United States Code, Section 922(g)(1) as set forth in Counts 5,8, 9 of the Indictment, and pursuant to Title 21, United States Code, Sections 853(a)(1) and 853(a)(2), as property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the violations of Title 21, United States Code, Sections 841(a)(1) and 846, and as property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the violations of Title 21, United States Code, Section 841(a)(1) and 841(b), as set forth in Counts 1,2,3,4,6,7,10,11,12 of the Indictment; and

WHEREAS, on or about February 13, 2023, Defendant pled guilty before Magistrate Judge Daniel E. Butcher to the offenses set forth in Count 1 of the Indictment, charging the defendant with conspiracy to distribute controlled substances in violation of Title 21, United States Code, Sections 841(a)(1), and 846, consented to the forfeiture allegations of the Indictment, and agreed pursuant to Title 21, United States Code, Sections 853(a)(1) and 853(a)(2), to forfeit all specific properties seized in connection with this case including but not limited to the following:

 a. One (1) Ruger P95 9mm handgun bearing serial number 312-38394;
 b. One (1) Smith and Wesson M&P 9 M2.0 Pistol CAL:9 SN: HDL5420;
 c. One (1) Century Arms International C39V2 Rifle CAL:762 SN: A17045;
 d. One (1) Century Arms International M 91/30 Rifle CAL: 7.62x54 SN: 84872;
 e. One (1) Taurus International PT111 G2 Pistol CAL:9 SN: TIS84459;
 f. One (1) CZ (Ceska Zbrojovka) CZ P-10 C Pistol CAL:9 SN: C601280;
 g. Two Hundred and Thirty (230) assorted 9mm ammunition rounds;
 h. $14,485.15 U.S. Currency;

WHEREAS, on March 1, 2023, this Court accepted the guilty plea of Defendant; and

WHEREAS, by virtue of the facts set forth in the plea agreement and forfeiture addendum, the United States has established the requisite nexus between the forfeited properties and the offense; and

WHEREAS, on September 7, 2023, a Notice of Forfeiture was delivered by Federal Express to Defendant through his attorney regarding forfeiture of the firearms, ammunition, and currency through co-defendant Cassandra Kerns and Defendant did not file a third-party petition as to his interest in the asset; and

WHEREAS, firearms, ammunition, and currency has been forfeited under the Amended Order of Criminal Forfeiture (ECF. 291) of co-defendant Cassandra Kerns on December 12, 2023.

WHEREAS, by virtue of said guilty pleas, the United States is now entitled to possession of the above-referenced properties, pursuant to Title 21, United States Code, Sections 853(a)(1) and 853(a)(2), and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the above-referenced properties which were found forfeitable by the Court; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Based upon the guilty plea of the Defendant to Count 1 of the Indictment, all right, title, and interest of Defendant RAJI DHALIWAL in the following property is hereby forfeited to the United States pursuant to Title 21, United States Code, Sections 853(a)(1) and 853(a)(2) for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

   a. One (1) Ruger P95 9mm handgun bearing serial number 312-38394;
   b. One (1) Smith and Wesson M&P 9 M2.0 Pistol CAL:9 SN: HDL5420;
   c. One (1) Century Arms International C39V2 Rifle CAL:762 SN: A17045;
   d. One (1) Century Arms International M 91/30 Rifle CAL: 7.62x54 SN: 84872;
   e. One (1) Taurus International PT111 G2 Pistol CAL:9 SN: TIS84459;
   f. One (1) CZ (Ceska Zbrojovka) CZ P-10 C Pistol CAL:9 SN: C601280;
   g. Two Hundred and Thirty (230) assorted 9mm ammunition rounds; and

h.      $14,485.15 U.S. Currency.

2.      The above-mentioned property was previously forfeited under the First Amended Order of Criminal Forfeiture of co-defendant Cassandra Kerns (ECF 291) and no ancillary proceedings or further action is required as to Defendant for this property.

3.      The aforementioned forfeited specific assets held by the United States Marshals Service and Bureau of Alcohol, Tobacco, and Firearms can be disposed of forthwith in accordance with the law.

4.      Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

DATED: 12/14/23

Honorable Todd W. Robinson
United States District Court